UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRECISE LEADS, INC.,

Plaintiff,

- against -

NATIONAL BROKERS OF AMERICA, INC.,

Defendant.

Case No.:

**COMPLAINT**

Plaintiff, PRECISE LEADS, INC. ("Precise" or "Plaintiff"), by and through its attorneys, Klein Moynihan Turco LLP, as and for its Complaint in the above-entitled action, hereby alleges as follows:

## NATURE OF ACTION

1. This is an action by an Internet-based marketing company to recover damages resulting from Defendant's breach of contract. Despite earning a profit derived from Precise's services, Defendant has engaged in a campaign to avoid payment of its contractual obligations.

## PARTIES

2. Precise is a New York State corporation with its principal place of business located at 11 Times Square, New York, NY 10036. Precise is engaged in the business of lead generation for companies selling goods and services.

3. Defendant National Brokers of America, Inc. ("NBoA") is a corporation organized and existing under the laws of the State of Pennsylvania, with an address at 2525 North 12th Street, Suite 390, Reading, PA 19605.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this civil action under 28 U.S.C § 1332 by

reason of diversity jurisdiction between Precise, a citizen of a State of the United States on the one side, and NBoA, a citizen of a different State of the United States on the other side, and because the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. The Court has specific jurisdiction over NBoA by reason of its consent to the jurisdiction of the Federal courts in New York, New York, as set forth in the written contract at issue between it and Precise, as well as the fact that the contract was executed and performed in the State of New York (as provided in said contract) and NBoA thereby transacted business within the State of New York.

6. This District is a proper venue for this action pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and by reason of NBoA's consent to venue in this District as set forth in the written contract between it and Precise.

**FACTS COMMON TO ALL CLAIMS**

7. On or about December 10, 2014, NBoA entered into a written marketing agreement with Precise (the "Marketing Agreement") and written Insertion Order ("IO"), whereby Precise agreed to generate and deliver certain leads (the "Leads") to NBoA at specific agreed upon rates per lead (a true and correct copy of which is attached hereto as "Exhibit A").

8. The terms of the Marketing Agreement and the terms of the IO, together, formed the "Agreement" between Precise and NBoA.

9. Pursuant to section 10 of the Agreement, choice of venue has been agreed upon to be the County of New York, New York.

10. Pursuant to section 10 of the Agreement, choice of law has been agreed upon to be the laws of the State of New York.

11. Pursuant to section 10 of the Agreement, Precise is entitled to recover its reasonable costs and expenses, including attorneys' fees.

12. Pursuant to the Agreement, NBoA was obligated to make payment to Precise on a weekly basis, with payment to be processed every seven (7) days by wire.

13. Beginning July, 2016, NBoA had a credit on its account for Nine Thousand Six Hundred and Seventy-Five dollars and Fifty cents ($9,675.50).

14. On or about July 31, 2016, Precise sent NBoA invoice #AL073116 for the sum of Thirty-Three Thousand Two Hundred and Forty-Five dollars ($33,245.00) for services rendered for the period of July 1, 2016, to July 31, 2016.

15. NBoA never disputed the July 31, 2016 invoice.

16. On or about August 31, 2016, Precise sent NBoA invoice #AL083116 for the sum of Seventy-Eight Thousand One Hundred and Eighty-Three dollars ($78,183.00) for services rendered for the period of August 1, 2016, to August 31, 2016.

17. NBoA never disputed the August 31, 2016 invoice.

18. NBoA made payments on or about September 8, 2016 of Ten Thousand dollars ($10,000.00), September 20, 2016, of Ten Thousand dollars ($10,000.00), September 27, 2016, of Ten Thousand dollars ($10,000.00), and September 30, 2016, of Thirteen Thousand dollars ($13,000.00).

19. NBoA's September payments fully satisfied the July 31, 2016, invoice but only partially satisfied the August 31, 2016 invoice even after applying NBoA's credit, leaving a remaining balance owed of $58,752.50.

20. On or about September 30, 2016 Precise sent NBoA invoice #AL093016 for the sum of Forty-Three Thousand Seven Hundred and Fifty-Nine dollars and Fifty cents ($43,759.50)

for services rendered for the period of September 1, 2016, to September 30, 2016 (a true and correct copy of which is attached hereto as "Exhibit B").

21. NBoA never disputed the September 30, 2016 invoice.

22. There remained a September, 2016, end-of-month balance of One Hundred Two Thousand Five Hundred and Twelve dollars ($102,512.00) after applying the Forty-Three Thousand dollars ($43,000.00) in payments and the credit of Nine Thousand Six Hundred and Seventy-Five dollars and Fifty cents ($9,675.50) in respect of the August 31, 2016 invoice and the September 30, 2016 invoice.

23. NBoA made payments on or about October 11, 2016 of Fourteen Thousand dollars ($14,000.00) and October 18, 2016 of Five Thousand dollars ($5,000.00).

24. On or about October 31, 2016 Precise sent NBoA invoice #AL103116 for the sum of Fifty-Two Thousand and Forty dollars ($52,040.00) for services rendered for the period October 1, 2016, to October 31, 2016 (a true and correct copy of which is attached hereto as "Exhibit C").

25. NBoA never disputed the October 31, 2016 invoice.

26. There remained an October 2016, end-of-month balance of One Hundred Thirty-Five Thousand Five Hundred and Fifty-Two dollars ($135,552.00) after applying the Nineteen Thousand dollars ($19,000.00) in payments in respect of the September 30, 2016, invoice and of the October 31, 2016 invoice.

27. From the period of on or about November 1, 2016 to March 3, 2017 NBoA made payments totaling Forty-Six Thousand Nine Hundred and Fifty dollars ($46,950.00) (satisfying the August 31, 2016 invoice).

28. There remained a March 2017, end-of-month balance of Eighty-Eight Thousand Six Hundred and Two dollars ($88,602.00) after applying the Forty-Six Thousand Nine Hundred

and Fifty dollars ($46,950.00) in respect of the September 30, 2016, and October 31, 2016, invoices.

29. On or about December 1, 2017, Precise sent NBoA invoice #AL120117 for the sum of One Thousand Nine Hundred and Fifty dollars ($1,950.00) for services rendered for the period November 1, 2016, to December 1, 2016 (a true and correct copy of which is attached hereto as "Exhibit D").

30. NBoA never disputed the December 1, 2017 invoice.

31. To date, Precise has not received full payment for the amounts due under invoices #AL093016, #AL103116 and AL120117 for services rendered and, accordingly, payment is in arrears the amount of Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00). This amount represents the total amount of the balance due and owing under the aforementioned invoices and on NBoA's account with Precise, not including interest due and owing pursuant to the terms of the Agreement (an account summary of which is attached hereto as Exhibit "E").

32. All conditions precedent to this action have been performed, have occurred, or have been excused or waived.

**FIRST CLAIM FOR RELIEF AGAINST NBoA**
**(Breach of Contract)**

33. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as if specifically set forth herein.

34. On or about December 10, 2014, Precise and NBoA entered into a valid and binding contract.

35. Pursuant to the terms of the Agreement, Precise agreed to generate and deliver certain leads to NBoA at specific agreed upon rates per lead.

36. The leads were generated, tracked, delivered and accepted by NBoA in accordance with the terms of the Agreement.

37. Precise fully performed all of its obligations under the Agreement by providing valid "Premium Connect Health Leads Transfers".

38. NBoA has breached the Agreement in that it has failed and refused, and still fails and refuses, to pay Precise for the services provided by Precise to NBoA under the Agreement.

39. As a direct and proximate result of NBOA's breach of the Agreement, Precise has been damaged in a sum to be determined at trial, but in no event less than Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00) plus interest thereon, reasonable attorneys' fees and costs of suit.

40. Precise respectfully requests that the Court enter judgment in its favor and against NBoA, awarding Precise damages under the Agreement in the amount of Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00), plus interest thereon, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just.

**SECOND CLAIM FOR RELIEF AGAINST NBoA**
**(Account Stated)**

41. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as if specifically set forth herein.

42. Prior to the institution of this action, Precise and NBoA had business transactions between them on or about the dates of the separate invoices referenced herein.

43. Precise remitted invoices #AL093016, #AL103116 and AL120117 as statements of account with respect to the balances due to precise.

44. NBoA retained Precise's invoices without protest, that is, it did not object to the invoices at issue.

45. To date, Precise has not received payment for the amounts due under invoices #AL093016, #AL103116 and AL120117.

46. Precise remitted its latest statement of account, dated June 18, 2018 (through counsel), to NBoA, which indicated total unpaid charges aggregating Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00), provided all earlier unpaid invoices, and set forth an account summary with respect to such invoices (a true and correct copy of which is attached hereto as "Exhibit F").

47. NBoA retained Precise's invoices without protests, that is, it did not object to the invoices at issue.

48. By reason of the foregoing, an account has been stated in writing between Precise and NBoA, pursuant to which NBoA is indebted to Precise in the sum of no less than Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00), in the aggregate, plus interest thereon and costs of suit.

49. The above-referenced sum has not been paid, although demand therefore has been made without any objection, and such amount is now due, owing, and unpaid.

50. Precise respectfully requests that the Court enter judgment in its favor and against NBoA, awarding Precise damages in the amount of Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00) plus interest thereon, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just.

**THIRD CLAIM FOR RELIEF AGAINST NBoA**
**(Unjust Enrichment)**

51. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as if specifically set forth herein.

52. Precise furnished services for the benefit of NBoA at the specific instance and request of NBoA. Precise has therefore enriched, or conferred a benefit upon, NBoA by providing the services as described herein.

53. NBoA accepted, used, and enjoyed the benefit of the services furnished.

54. NBoA knew or should have known that Precise expected to be paid for the services furnished.

55. Precise demanded that NBoA pay the outstanding fair and reasonable value for the services provided as described herein, amounting to no less than Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00), plus interest. However, NBoA has failed to do so.

56. By refusing to pay for services provided and accepted, NBoA has been unjustly enriched in the sum of Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00), plus interest accruing thereon, to the detriment of Precise.

57. Under the circumstances, it would be inequitable for NBoA to retain the benefit conferred without paying fair value therefore as restitution.

58. Precise respectfully requests that the Court enter judgment in its favor and against NBoA, awarding Precise damages in the amount of Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00), plus interest thereon, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) On its first claim for relief against NBoA for breach of contract, damages in an amount to be proven at trial but not less than Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00) plus interest thereon and reasonable attorneys' fees;

(b) On its second claim for relief against NBoA for an account stated, damages in an amount to be proven at trial but not less than Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00) plus interest thereon;

(c) On its third claim for relief against NBoA for unjust enrichment, damages in an amount to be proven at trial but not less than Ninety Thousand Five Hundred and Fifty-Two dollars ($90,552.00) plus interest thereon;

(f) For such other and further relief as this Court may deem just and proper, including Plaintiff's costs and attorneys' fees.

Dated: New York, New York
September 19, 2018

KLEIN MOYNIHAN TURCO LLP

/s/ Joseph Johnson
Sean Moynihan
Joseph Johnson

*Attorneys for Plaintiff Precise Leads, Inc.*

450 Seventh Avenue, 40th Floor
New York, NY 10123
(212) 246-0900