USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRECISE LEADS, INC.,

                Plaintiff,

v.

NATIONAL BROKERS OF AMERICA, INC.,

                Defendant.

No. 18-CV-8661 (RA)

ORDER ADOPTING REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

On September 25, 2018, Plaintiff Precise Leads, Inc. filed this action against Defendant National Brokers of America, Inc., alleging that Defendant breached the parties' marketing services contract. Dkt. 3. Since Plaintiff commenced this action, Defendant has not appeared nor responded to the complaint. On November 16, 2018, the Clerk of Court entered a certificate of default judgment against Defendant. Dkt. 13. Shortly thereafter, Plaintiff filed its motion for a default judgment, Dkt. 18, and the Court ordered Defendant to show cause on April 11, 2019 as to why a default judgment should not be entered against it, Dkt. 28. Defendant did not appear at the April 11, 2019 hearing, and the Court thus granted Plaintiff's motion for a default judgment. After entering a default judgment, the Court referred the case to Magistrate Judge Pitman for an inquest on damages. Dkt. 32. Pursuant to Judge Pitman's order, Plaintiff filed proposed findings of fact and conclusions of law on June 13, 2019. Dkt. 35. On October 3, 2019, the inquest was reassigned to Magistrate Judge Cave.

On January 21, 2020, Judge Cave issued a report and recommendation (the "Report"), recommending that the Court award Plaintiff (1) damages in the amount of $90,552.00; (2) pre-

judgment interest in the amount of $51,886.04; (3) post-judgment interest calculated pursuant to 28 U.S.C. § 1961; (4) attorneys' fees in the amount of $12,366.61; and (5) costs in the amount of $565.00. Judge Cave concluded that Plaintiff provided a sufficient bases for awarding damages. Nonetheless, she found it appropriate to reduce the attorneys' fees sought. She also determined that Plaintiff had not substantiated its request for the portion of costs expended on service of process fees. Neither party filed objections to the Report.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). That deadline is extended to 17 days when service is made by mail. *See* Fed. R. Civ. P. 6(d). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here, the . . . magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citations omitted).

As no objections to the Report were filed, the Court has reviewed Judge Cave's Report for clear error. The Court has identified only one minor error in the Report. In calculating the pre-judgment interest for the September 30, 2016 invoice, the Report recommends that Plaintiff

---

[1] According to the docket, a copy of the Report was mailed to Defendant on January 21, 2020.

be awarded $21,339.90. *See* Rpt. at 11. Although the underlying calculation is correct, *see* Rpt. at 11 & n.5, there appears to be a typographical error in that the calculation amounts to $21,333.90 – not $21,339.90. As such, the Court will adjust the pre-judgment interest such that Plaintiff is awarded $21,333.90 for the September 30, 2016 invoice and $51,880.04 for the three invoices altogether.

With the exception of this typographical error, the Court finds no other error – clear or otherwise – and thus adopts the well-reasoned Report in its entirety. It is therefore ordered that Plaintiffs are awarded (1) damages in the amount of $90,552.00; (2) pre-judgment interest in the amount of $51,880.04; (3) post-judgment interest calculated pursuant to 28 U.S.C. § 1961; (4) attorneys' fees in the amount of $12,366.61; and (5) costs in the amount of $565.00.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant and to close the case.

SO ORDERED.

Dated: February 13, 2020
New York, New York

Ronnie Abrams
United States District Judge